

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

Tony Quinn Bethune,

Plaintiff,

Case:2:25-cv-12880
Judge: Grey, Jonathan J.C.
MJ: Ivy, Curtis
Filed: 09-11-2025 At 09:38 AM
CMP BETHUNE V NESSEL, ET AL (LG)

v

Dana Nessel, Attorney General of Michigan, in her official capacity;

Judge Austin W. Garrett, 36th District Court, in his official capacity;

Judge Kenyetta Stanford Jones, 36th District Court, in her official capacity

"Plaintiff expressly reserves all rights to bring future civil claims against additional individuals named herein but not presently listed as Defendants"

### Defendants

1. **Dana Nessel** was, at all relevant times, the duly elected and serving Attorney General of the State of Michigan, acting under color of state law in her official duties as the State's chief law enforcement officer. She is sued in her **official capacity.**

2. **Judge Austin W. Garrett** was, at all relevant times, a sitting judge of the 36th District Court, employed by the State of Michigan, acting under color of state law, and a licensed member of the Michigan Bar. He is sued in his **official capacity**.

3. **Judge Kenyetta Stanford Jones** was, at all relevant times, a sitting judge of the 36th District Court, employed by the State of Michigan, acting under color of state law, and a licensed member of the Michigan Bar. She is sued in her **official capacity.**

## JURISDICTION AND VENUE

This action is brought pursuant to **42 U.S.C. § 1983** to redress the deprivation of rights secured by the United States Constitution and federal law by officials acting under color of state law.

This Court original jurisdiction under **28 U.S.C. § 1331**, as this case arises under the Constitution and laws of the United States, and under **28 U.S.C. § 1343(a)(3)**, which grants original jurisdiction over civil rights actions seeking redress for constitutional violations.

Venue is proper in the Eastern District of Michigan pursuant to **28 U.S.C. § 1391(b)(1)-(2)**, as all Defendants serve as judicial officers in this District and the events giving rise to the claims occurred within this District.

Plaintiff has standing as the directly injured party, having suffered unlawful arrest, detention, prosecution, excessive bond, and ongoing deprivations of rights and lack of due process under the color of law by public officials in this district.

## INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief for ongoing violations of Plaintiff's secured rights under the Second, Fourth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff was arrested at his home without a warrant, sworn complaint, or probable cause hearing, and detained for two days before being subjected to a $20,000 bond

with restrictive conditions. The Register of Actions in this ongoing case fails to reflect official filings such as Plaintiff's Motion for Discovery and Motion to Show Cause and Affidavit, impairing his right to appellate review. Defendants Judge Austin Garrett and Judge Kenyetta Stanford Jones have compelled and continue to compel Plaintiff's appearance in Case No. 2504491401 without a verified complaint, a valid warrant, a neutral probable-cause determination, accurate docket entries, or rulings on Plaintiff's dispositive motions. Plaintiff faces ongoing irreparable harm, including the imminent threat of jail time, without a verified complaint, valid signed warrant, or probable cause hearing. Declaratory relief in the state proceedings has proven unavailable and inadequate due to unanswered motions, docket errors, and the absence of a probable-cause hearing. Federal injunctive relief is necessary to prevent continuing constitutional violations.

## CONTROLLING PRECEDENT AND CONSTITUTIONAL STANDARDS

Plaintiff relies on the following binding decisions and constitutional provisions, which directly govern the issues presented:

**Controlling Precedent**

1. *Gerstein v. Pugh*, 420 U.S. 103 (1975) – The Fourth Amendment requires a neutral magistrate to make a probable-cause determination promptly after arrest.
2. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) – Detention exceeding 48 hours without judicial review is presumptively unconstitutional.
3. *Manuel v. City of Joliet*, 580 U.S. 357 (2017) – Continued pretrial detention without probable cause is actionable under § 1983.

4. *Elrod v. Burns*, 427 U.S. 347 (1976) – The loss of constitutional rights, even briefly, constitutes irreparable injury.

5. *Ward v. Monroeville*, 409 U.S. 57 (1972) – The appearance of judicial bias violates due process.

6. *McDonald v. City of Chicago*, 561 U.S. 742 (2010) – The Second Amendment is incorporated against the States through the Fourteenth Amendment.

**Constitutional Provisions at Issue**

1. Second Amendment – Right to keep and bear arms for lawful self-defense.

2. Fourth Amendment – Protection from unreasonable seizures absent probable cause.

3. Sixth Amendment – Right to a fair and speedy trial before an impartial tribunal.

4. Eighth Amendment – Prohibition of excessive bail.

5. Fourteenth Amendment – Due process and equal protection, enforceable against state actors.

**Application to Plaintiff's Case**

1. Plaintiff has been compelled to appear and remain under bond restrictions without a verified complaint or neutral probable-cause determination.

2. The refusal to rule on dispositive motions deprives Plaintiff of due process and a fair trial.

3. The ongoing restraint of liberty absent lawful process constitutes irreparable constitutional harm warranting injunctive relief.

4. Bond conditions prohibiting firearm possession impair Plaintiff's Second Amendment right to self-defense.

## FACTUAL ALLEGATIONS

1.  Plaintiff, **Tony Quinn Bethune**, is a private citizen with no prior criminal record.

2.  On **March 30, 2025**, Detroit Police Officers **Tatyana Cox** and **Maurice Bellamy** arrested Plaintiff at his home based solely on the verbal accusation of an individual. No warrant, sworn verified proper complaint, or affidavit supported the arrest.

3.  Plaintiff was transported to the Detroit Detention Center and held for approximately **two days** before being released.

4.  On **April 1, 2025**, while Plaintiff remained detained, a **$20,000 personal bond** was imposed during a remote hearing. The conditions of release prohibited firearm possession, alcohol, ;P or contact with the accuser. No evidence was presented to justify either the bond amount or its conditions.

5.  On **April 11, 2025**, Judge **Austin Garrett** presided over a hearing despite the absence of a verified complaint or charging instrument.

6.  On **April 11, 2025**, Assistant Prosecutor Ryane L. Brown sent an amended warrant (See Exhibit C) to Plaintiff via her official email at 9:14 AM. The document was not signed by any judge, included no verified complaint, and contained no affidavit from either the named victim Lashawn White or Detective Reginald Dyas, who was listed as the complaining witness and also named as the investigating officer on the court's Register of Actions.

7.  After this hearing on April 11, 2025 Plaintiff received a notice from the Court that scheduled both a pretrial and a jury trial on the same notice (See Exhibit B)

8.  Plaintiff has filed multiple motions, including a Motion to Dismiss, a Motion for Discovery, and a Motion and Affidavit to Show Cause. Apart from a partial answer to

the Motion to Dismiss by Assistant Prosecutor Charles Schalin, the Court has ignored these motions and has not issued any ruling.

9. Plaintiff served copies of his motions and pleadings on all prosecutors involved.

10. On **April 30, 2025**, the case was reassigned to Judge **Kenyetta Stanford Jones**, who also conducted hearings without requiring a verified complaint or probable cause determination.

11. On **July 18, 2025**, Judge Stanford presided remotely by audio while Plaintiff was physically present in the courtroom. During this hearing, she ordered a **competency evaluation** over Plaintiff's objection and during this hearing, Judge Stanford threatened to place Plaintiff in jail.

12. Plaintiff remains compelled to appear under threat of arrest and subject to restrictive bond conditions, even though no lawful charging document has been filed in the case.

13. These actions have resulted in ongoing harm, including loss of liberty, reputational injury, and continued compelled performance in proceedings lacking a valid jurisdictional foundation.

14. As of **September 9, 2025**, this case remains active and ongoing without a verified complaint, signed warrant, or probable cause hearing.

15. The Register of Actions (See Exhibit A) in Case No. 2504491401 omits or fails to accurately reflect filings made by Plaintiff, including his Motion for Discovery and Motion to Show Cause and Affidavit (See Exhibit A). These omissions prevent the record from showing all filings Plaintiff has submitted.

## CLAIMS FOR RELIEF

**COUNT I – UNLAWFUL PRETRIAL DETENTION, EXCESSIVE BOND CONDITIONS, AND DENIAL OF DUE PROCESS**

(42 U.S.C. § 1983 – Second, Fourth Eighth and Fourteenth Amendments)

Plaintiff incorporates by reference all preceding Factual Allegations as if fully stated herein.

1. Defendants **Austin Garrett** and **Kenyetta Stanford Jones**, acting under color of state law in their capacity as judicial officers of the State of Michigan, have maintained Plaintiff's prosecution and compelled appearances under a $20,000 bond with restrictive conditions, despite the absence of a verified complaint, warrant, or probable cause determination.

2. By allowing the prosecution to proceed under these conditions without a lawful charging instrument or probable cause determination, Defendants deprived Plaintiff of rights secured by the **Fourth Amendment** (freedom from unlawful seizure), the **Eighth Amendment** (prohibition of excessive bail), the **Second Amendment** (right to keep and bear arms for lawful self-defense), and the **Fourteenth Amendment** (due process and equal protection).

3. Plaintiff was detained at the Detroit Detention Center from March 30 to April 1, 2025, and continues to face compelled appearances, bond restrictions, and the threat of incarceration under the same constitutionally defective process.

4. Plaintiff suffers ongoing irreparable injury, as restrictions on secured constitutional rights even for minimal periods constitute irreparable harm.

5. Declaratory and injunctive relief are necessary to halt these ongoing constitutional violations, restore Plaintiff's rights, and prevent further bad-faith prosecution and irreparable harm.

## COUNT II – DENIAL OF FAIR TRIAL DUE TO STRUCTURAL CONFLICT OF INTEREST

(42 U.S.C. § 1983 – Sixth and Fourteenth Amendments)

Plaintiff incorporates by reference all preceding Factual Allegations as if fully stated herein.

1. Defendants **Austin Garrett** and **Kenyetta Stanford Jones**, acting under color of state law in their capacity as judicial officers, presided over proceedings in which no verified complaint, sworn affidavit, or probable cause determination was ever entered into the record, yet allowed prosecution to proceed against Plaintiff.

2. Defendants and the prosecutors assigned to the case are officers of the same unified court system, licensed by the same authority, and compensated by the same state entity that is prosecuting Plaintiff. This alignment creates a structural conflict of interest, undermines the impartiality required of a judicial tribunal, and compromises the fair administration of justice.

3. As a result, Plaintiff has been denied his **Sixth Amendment** right to an impartial tribunal and his **Fourteenth Amendment** right to due process.

4. Plaintiff was further deprived of the opportunity to confront any accuser or challenge factual allegations at a probable cause hearing, as none was ever held.

5. The Register of Actions in Case No. 2504491401 omits or fails to accurately reflect Plaintiff's filings, including his Motion for Discovery and Motion to Show Cause and Affidavit. Defendants Garrett and Stanford allowed proceedings to continue despite these omissions, leaving Plaintiff without a complete and accurate record of his filings.

6. Plaintiff continues to face compelled appearances under this constitutionally defective framework, resulting in ongoing irreparable harm.

7. Declaratory and injunctive relief are necessary to halt all ongoing and future proceedings conducted under this structural conflict of interest, to protect the fair administration of justice, and to restore Plaintiff's right to a fair and impartial tribunal as guaranteed by the Sixth and Fourteenth Amendments.

## COUNT III – DEFECTIVE SERVICE, LACK OF JURISDICTION, AND CONTINUING PROCEDURAL FRAUD

(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)

Plaintiff incorporates by reference all preceding Factual Allegations as if fully stated herein.

1. Defendants **Austin Garrett** and **Kenyetta Stanford Jones**, acting under color of state law, have allowed criminal proceedings to continue against Plaintiff despite the absence of a verified complaint, sworn affidavit, judicially approved warrant, or valid personal service of process.

2. Plaintiff received only Notices to Appear by regular mail, without personal service or lawful substitute service as required by law to confer jurisdiction, thereby depriving the court of lawful authority and violating fundamental due process under the Fourteenth Amendment.

3. No probable cause hearing has ever been held, and no judicial determination has been made, yet Defendants have compelled Plaintiff's continued prosecution and appearances under threat of arrest.

4. Plaintiff raised these jurisdictional and procedural defects through motions and affidavits, which remain unanswered and unresolved. Defendants' failure to adjudicate these defects constitutes a continuing deprivation of rights under color of law and a lack of the administration of justice.

5. Plaintiff continues to suffer ongoing irreparable harm by being subjected to proceedings lacking lawful jurisdiction or probable cause.

6. Declaratory and injunctive relief are necessary to void any proceedings and prosecution initiated under this unlawful process and to bar Defendants from continuing prosecution absent a verified complaint, lawful service, and a neutral probable cause determination.

## COUNT IV – INVOLUNTARY SERVITUDE AND COMPELLED PERFORMANCE WITHOUT DUE PROCESS

(42 U.S.C. § 1983 – Second, Thirteenth and Fourteenth Amendments)

Plaintiff incorporates by reference all preceding Factual Allegations as if fully stated herein.

1. The **Thirteenth Amendment** prohibits slavery and involuntary servitude, except as punishment for a crime duly convicted.

2. Plaintiff has not been convicted of any crime, nor lawfully charged through a verified complaint or valid process, yet remains compelled to perform obligations under threat of arrest and punishment.

3. Defendants **Austin Garrett** and **Kenyetta Stanford Jones**, acting under color of state law, have enforced and maintained a $20,000 bond and restrictive conditions, compelling Plaintiff to appear in court and submit to obligations without due process of law.

4. The **imposition and enforcement** of this bond constitutes coercive control over Plaintiff's liberty and compelled performance in violation of the Thirteenth and Fourteenth Amendments.

5. Bond restrictions also infringe upon Plaintiff's **Second Amendment** right to keep and bear arms for lawful self-defense, absent any lawful finding of risk or necessity.

6. Plaintiff continues to suffer ongoing irreparable harm through compelled participation in proceedings lacking lawful jurisdiction.

7. Declaratory and injunctive relief are necessary to bar further compelled performance, to void the unlawful conditions imposed, and to restore Plaintiff's rights secured by the United States Constitution.

## COUNT V – VIOLATION OF PUBLIC TRIAL, JUDICIAL ACCOUNTABILITY, AND DUE PROCESS

**(42 U.S.C. § 1983 – First, Sixth, and Fourteenth Amendments)**

Plaintiff incorporates by reference all preceding Factual Allegations as if fully stated herein

1. On July 18, 2025, Plaintiff appeared in person at a scheduled pretrial hearing. Defendant **Judge Kenyetta Stanford Jones**, acting under color of state law, presided remotely by audio only, without public visibility, transparency, or accountability.

2. Conducting a criminal hearing without the judge's physical or visible presence deprived Plaintiff of his **Sixth Amendment** right to a public trial, his **First Amendment** right of public access, and his **Fourteenth Amendment** right to due process and impartial adjudication.

3. During the same hearing, Plaintiff objected on the record to a competency evaluation imposed without a verified complaint, lawful jurisdiction, or consent. The court proceeded regardless.

4. Plaintiff continues to face compelled appearances and proceedings under conditions lacking judicial visibility and accountability, causing ongoing irreparable harm.

5. Declaratory and injunctive relief are necessary to prevent further proceedings without lawful judicial presence, transparency, and public accountability, and to restore Plaintiff's constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a **Declaratory Judgment** under 28 U.S.C. §§ 2201–2202 declaring that Defendants, acting under color of state law, have violated and are violating Plaintiff's rights under the First, Second, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments.

2. Grant **Preliminary and Permanent Injunctive Relief** enjoining Defendants, including Judges Austin Garrett and Kenyetta Stanford Jones, and any successor judicial officers, from continuing or initiating any further proceedings in Case No. 2504491401, as the prosecution was initiated and maintained without a verified complaint, lawful warrant, or neutral probable cause determination.

3. Declare void and of no legal effect all orders, warrants, bond conditions, and proceedings issued in Case No. 2504491401, as they were entered without lawful jurisdiction.

4. Suspend all bond conditions and compelled appearances, including restrictions on Plaintiff's right to self-defense.

5. Order Defendants to preserve and produce all records, filings, communications, and instruments related to Case No. 2504491401 during the pendency of this action.

6. Issue any further equitable orders necessary to Ensure Plaintiff's rights are fully protected going forward and refer this matter to appropriate oversight authorities to safeguard the fair administration of justice.

7. Award Plaintiff the costs of this action and grant such other **equitable relief** as this Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint as permitted under the Federal Rules of Civil procedure.

## DEMAND FOR JURY TRIAL

To the extent Plaintiff is entitled to damages, Plaintiff demands a trial by jury on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

## EXHIBITS

Plaintiff attaches the following exhibits, which are incorporated into this Complaint as if fully set forth herein:

- **Exhibit A** – Plaintiff's Motion to Show Cause and Affidavit with attached Register of Actions (time-stamped copy).

- **Exhibit B** – Court Notice scheduling both pretrial and trial on the same date.

- **Exhibit C** – First page of Amended Warrant dated April 11, 2025, unsigned by any judge.

**Respectfully submitted,**

Dated: _9-11-25_

_Tony Quinn Bethe_

**Tony Quinn Bethune**

Appearing in private capacity

6016 Grayton Street

Detroit, Michigan [48224]

Phone: (313) 808-9652

Email: bethune.tony@gmail.com

*Exhibit A*

**STATE OF MICHIGAN**

*36TH DISTRICT COURT*
*TRAFFIC/CRIMINAL DIVISION*
*2025 AUG 23   A 10: 04*

**IN THE 36TH JUDICIAL DISTRICT COURT**

STATE OF MICHIGAN

    Plaintiff

                                Case No. 2504491401

v.

                                Hon. Kenyatta Jones Standford

BETHUNE/TONY/QUINN

    Defendant

## NOTICE TO AGENT IS NOTICE TO PRINCIPAL

## MOTION AND AFFIDAVIT TO SHOW CAUSE FOR LACK OF JURISDICTION, PROBABLE CAUSE, AND DUE PROCESS VIOLATIONS

**NOW COMES** the Tony Quinn Bethune as trustee for TQB living Trust and TONY QUINN BETHUNE LIVING TRUST, appearing specially and not generally, reserving all rights secured under the Constitution of the United States and the Constitution of the State of Michigan, and respectfully moves this Honorable Court to issue an **Order directing the Prosecutor to SHOW CAUSE** why this matter should not be dismissed for lack of jurisdiction, absence of a verified complaint, failure to hold a probable cause determination, improper service and unconstitutional restraint and deprivation of liberty without due process of law. In support, Defendant states as follows:

## I. FACTUAL BACKGROUND

1. On March 30, 2025, Defendant was arrested and charged without the or the STATE OF MICHIGAN producing a witness with firsthand knowledge, verified complaint sworn to under oath, as required by MCR 6.101(B) and MCL 764.1a(1). The Register of Actions (ROA) contains no entry for such a complaint, sworn affidavit, or prosecutor approval as required by MCR 1.109(D)(3). Proceeding without these prerequisites violates Article 1, § 17 of the Michigan Constitution (due process) and the Fifth and Fourteenth Amendments to the U.S. Constitution. This Court therefore lacks lawful subject-matter jurisdiction, and all actions taken are void ab initio.

2. No judicial determination of probable cause was made prior to subjecting Defendant to pretrial proceedings. Under MCR 6.102(A), a summons or warrant may issue only upon a proper complaint and a judicial finding of probable cause. MCR 6.102(B) requires that such a finding rest on sworn allegations, affidavits, or preserved testimony, none of which exist in the Register of Actions. Proceeding without this prerequisite violates MCL 764.1a(1), and deprives Defendant of rights secured by the Fourth and Fourteenth Amendments. As the United States Supreme Court held in *Gerstein v. Pugh*, 420 U.S. 103 (1975), a judicial finding of probable cause is a non-waivable constitutional prerequisite, and the absence of such a determination renders subsequent proceedings void.

3. The Court imposed a $20,000 bond without first making a judicial determination of probable cause, thereby restraining Defendant's liberty in violation of the Fourth Amendment, the Eighth Amendment's prohibition against excessive bail, and the Thirteenth Amendment's prohibition against involuntary servitude absent a lawful

conviction. This restraint also contravenes the Michigan Constitution, Article I, §§ 9, 11, and 16, and violates *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), which requires a probable cause determination within 48 hours of arrest.

4. The Register of Actions also reflects no entry for a valid **warrant or summons** meeting the requirements of **MCR 6.102(E)(1)–(4)** and **MCL 764.1a(1)**. The absence of a signed, sworn, and factually supported warrant renders the arrest and bond void ab initio.

5. Defendant has filed notices, affidavits and multiple motions, including but not limited to discovery request, time-stamped on April 22, 2025, sent to Ryane Brown / Ryane L. King (P87851) by email Apr 25, 2025, 6:25 AM and by registered mail (RE 289 703 198 US). The same discovery was also forwarded to Charles Safilian by email on May 9, 2025, at 7:34 PM and by registered mail (RF 467 999 752 US), pursuant to MCR 6.201(A)–(B). Under MCR 2.107(C)(3) and FRCP 5(b)(2)(C), service by mail is complete at the time of mailing. No sworn or verified rebuttals has been provided, as permitted under MCR 1.109(D)(3). Pursuant to MCR 2.119(A)(2), (C)(2), and (E)(4)(a), when a party fails to file a timely written response with supporting authority, the motion is deemed confessed and opposition waived. The STATE's continued silence therefore concedes both fact and law, constituting a denial of due process under U.S. Const. Amend. XIV and Mich. Const. Art. I, § 17, and suppression of exculpatory material in violation of Brady v. Maryland, 373 U.S. 83 (1963). In equity and law, the unrebutted affidavits and motions are confessed, the facts are admitted, and dismissal is compelled.

6. By proceeding without a verified complaint, judicial determination of probable cause, valid warrant, or an accurate Register of Actions (see Exhibit A, as printed directly from the official 36th District Court website at

https://dapps.36thdistrictcourtmi.gov/ROAWEBINQ/ROACase.aspx), the State and this Court have acted in violation of included but not limited to MCR 6.101(B), MCR 6.102(A)–(E), MCR 8.119(D)(1), and binding precedent including *Gerstein v. Pugh*, 420 U.S. 103 (1975), *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and *People v. Abdella*, 200 Mich. App. 473 (1993). These statutory and constitutional prerequisites are non-waivable. Their absence renders all subsequent proceedings including bond orders, competency directives, and any pretrial hearings **void ab initio** for lack of jurisdiction.

7. Defendant has been, and continues to be, subjected to irreparable harm stemming from the State of Michigan's ongoing violations of its own Constitution and the Constitution of the United States. The continuing restraint on liberty, coupled with the absence of lawful process, imposes daily and compounding burdens that cannot be remedied by monetary damages or appeal alone. Equity requires immediate relief to prevent further unlawful injury.

**Legal Authority**

This Court is bound by the controlling law of the United States Constitution, the Michigan Constitution of 1963, binding precedent of the United States Supreme Court and Michigan appellate courts, and the Michigan Court Rules. The following authorities govern this proceeding:

**United States Constitution**

- **Fourth Amendment** – Prohibits unreasonable searches and seizures, and requires probable cause for arrest/detention

- **Fifth Amendment** – No person shall be deprived of life, liberty, or property without due process of law; protection against compelled self-incrimination

- **Sixth Amendment** – Secures the rights of the accused, including to be informed of the nature and cause of the accusation, to confront witnesses, and to compulsory process.

- **Eighth Amendment** – Prohibits excessive bail, excessive fines, and cruel and unusual punishment.

- **Ninth Amendment** – Rights not specifically enumerated in the Constitution are retained by the people.

- **Tenth Amendment** – Powers not delegated to the United States, nor prohibited to the States, are reserved to the States or to the people.

- **Thirteenth Amendment** - Prohibits slavery and involuntary servitude, except as punishment for crime after lawful conviction; unlawful detention outside due process violates this prohibition.

- **Fourteenth Amendment** – Due process and equal protection of the laws apply against state action.

## Michigan Constitution of 1963

- **Art. I, § 11** – Right to be secure against unreasonable searches and seizures.

- **Art. I, § 16** – Right to be free from cruel or unusual punishment, including excessive bail.

- **Art. I, § 9** – Prohibits slavery and involuntary servitude, except as punishment for crime after lawful conviction.

- **Art. I, § 11** – Right to be secure against unreasonable searches and seizures; requires probable cause for arrest/detention.

- **Art. I, § 16** – Prohibits excessive bail, excessive fines, cruel or unusual punishment.

- **Art. I, § 17** – Guarantees due process of law; no person shall be deprived of life, liberty, or property without due process.

- **Art. I, § 20** – Secures rights of the accused, including to be informed of the nature and cause of the accusation, to confront witnesses, and to have a fair trial.

**Michigan Law and Court Rules**

- **MCR 6.101(B)** – A criminal complaint must be made upon oath or affirmation, sworn and verified.

- **MCR 6.102(A)–(E)** – A warrant or summons may issue only upon a sworn complaint; a judge or magistrate must make an independent judicial finding of probable cause.

- **MCR 6.102(E)(1)–(4)** – A valid warrant must contain required identifying elements, including the defendant's name, the offense, and the issuing magistrate's signature.

- **MCR 6.201(A)–(B)** – Parties must provide mandatory discovery, including witness lists, statements, and exculpatory evidence, upon request.

- **MCR 2.119(B)(1)** – Affidavits filed in support of motions must be based on personal knowledge, contain admissible facts, and show the affiant is competent to testify to those facts.

- **MCL 764.1a(1)** – An arrest warrant requires a judicial determination of probable cause supported by oath or affirmation.

- **MCR 1.109(D)(3)** – Any document required to be verified must be sworn to by oath, affirmation, or signed declaration under penalty of perjury.

- **MCR 2.119(A)(2)** – Motions raising issues of law must be supported by a brief citing legal authority.

- **MCR 2.119(C)(2)** – Responses to motions must be timely served and filed; failure to do so waives opposition

- **MCR 2.119(E)(4)(a)** – A party opposing a motion must appear or file a written response; failure to do either concedes the motion.

- **MCR 8.119(D)(1)(a)** – The Register of Actions must list the title and nature of each filing entered into the case record.

## Michigan Statutes

- **MCL 764.1a(1)**: A warrant may issue only upon a sworn complaint establishing probable cause.

## Controlling Case Law

- **Gerstein v. Pugh, 420 U.S. 103 (1975)**: The Fourth Amendment requires a prompt probable cause determination by a neutral magistrate; detention without such determination is unconstitutional.

- **County of Riverside v. McLaughlin, 500 U.S. 44 (1991)**: Probable cause hearings delayed beyond 48 hours are presumptively unconstitutional.

- **Brady v. Maryland, 373 U.S. 83 (1963)**: Withholding exculpatory evidence violates due process.

- **People v. Abdella, 200 Mich. App. 473 (1993)**: Record inaccuracies that impair appellate review entitle the defendant to relief.

## JUDICIAL NOTICE OF LAW AND NOTICE OF HEARING

Pursuant to MRE 202(a)–(b) and Fed. R. Evid. 201(c)–(d), Defendant specifically requests that this Court take mandatory judicial notice of the cited provisions of the Michigan Constitution, the United States Constitution, applicable statutes, Michigan Court Rules, and binding precedent of the Michigan Supreme Court and United States Supreme Court.

These provisions are decisional, constitutional, and public statutory law of this State and of the United States, and are therefore subject to mandatory judicial notice once requested. A fact or law subject to judicial notice is one "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." See MRE 201(b).

Notice is hereby given that Defendant will present this request for judicial notice, together with the Motion and Affidavit to Show Cause, for hearing before this Court at the time set for consideration of said motion. Failure to apply these provisions, once judicial notice has been properly requested and furnished, would constitute ongoing action under color of law depriving Defendant of rights secured by the Constitutions of Michigan and the United States.

## III. RELIEF REQUESTED

WHEREFORE, Defendant, appearing specially and not generally and expressly reserving all rights, respectfully requests that this Honorable Court:

1. Issue an Order to Show Cause directing the Prosecutor to appear and demonstrate lawful cause why this prosecution should not be dismissed, in light of:

   (a) failure to produce a verified complaint as required by MCR 1.109(D)(3) and MCR 6.101(B); (b) failure to establish a judicial determination of probable cause as mandated by *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); (c) failure to answer discovery requests and motions as required by MCR 6.201 and MCR 2.119; (d) structural defects in the Register of Actions impairing appellate review in violation of *People v. Abdella*, 200 Mich. App. 473 (1993); and (e) the resulting unlawful detention, including the unconstitutional restraints imposed by the $20,000 bond and its attached conditions (such as prohibitions on smoking, drinking, or contact), which together constitute excessive bond in violation of the Eighth Amendment to the United States Constitution and Article I, § 16 of the Michigan Constitution, and further amount to compelled performance and involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution and Article I, § 9 of the Michigan Constitution prohibiting slavery and involuntary servitude except as punishment after lawful conviction.

2. **Upon failure of the State to demonstrate such cause, dismiss this case with prejudice**, for want of jurisdiction, denial of due process under U.S. Const. Amends. IV, V, VI, VIII, XIII, and XIV, and Mich. Const. Art. I, §§ 9, 11, 16, 17, and 20; and for suppression of exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Such dismissal is required to terminate the ongoing condition of unlawful servitude and to restore Defendant to his rightful liberty.

3. In equity, where trespass upon fundamental rights or irreparable harm is shown, relief is not discretionary but mandatory. The violations described herein constitute an ongoing trespass upon Defendant's liberty and due process rights—injuries that cannot be compensated by money damages. Dismissal with prejudice is therefore a remedy available to this Court; Defendant expressly reserves the right to pursue all further remedies at law and in equity as may be just.

4. Grant such other and further relief as is just and proper in law and equity to restore Defendant to the position he lawfully held before these violations.

Defendant expressly preserves and invokes all rights, remedies, and defenses available at law and in equity, including the binding maxims of equity, which this Court is sworn to uphold.

Respectfully submitted,

Tony Quinn Bethune Trustee for

TQB REVOCABLE LIVING TRUST AND

TONY QUINN BETHUNE LIVING TRUST

c/o 6016 Grayton Street

Detroit, Michigan 48224

313.808.9652

Bethune.tony@gmail.com

## IV. AFFIDAVIT

I, Tony Quinn Bethune, one of the People, Trustee of the TQB Revocable Living Trust and the Tony Quinn Bethune Living Trust being first duly sworn, depose and state on my personal knowledge, and being competent to testify to the matters stated herein that:

1. The foregoing factual statements contained in this MOTION AND AFFIDAVIT TO SHOW CAUSE FOR LACK OF JURISDICTION, PROBABLE CAUSE, AND DUE PROCESS VIOLATIONS are true and correct based on my personal knowledge and the official court record available to me.

2. The State has not filed any verified complaint, probable cause determination, or lawful warrant in this matter. The Register of Actions as printed from the court's website on August 18, 2025 contains no such entries.

3. I have filed affidavits and discovery requests, served by registered mail and email and time stamped into the case record, which remain unrebutted. The State has not filed any sworn response or answer.

4. By continuing proceedings without addressing these defects, public officials act under color of law in a manner that deprives rights secured by the Constitutions of the United States and Michigan.

5. This continuing restraint of liberty under an excessive $20,000 bond, without verified complaint or judicial determination of probable cause, constitutes unlawful involuntary servitude in direct violation of the Thirteenth Amendment to the United States Constitution and Article I, § 9 of the Michigan Constitution. Such detention inflicts

irreparable harm upon me and my family—harm that cannot be compensated by money damages including loss of liberty, daily stress and hardship.

6. I make this affidavit in support of my Motion to Show Cause and to preserve all rights secured the Constitutions, statutes, court rules, binding precedent, and the maxims and remedies of equity, including the principle that *"equity will not suffer a wrong without a remedy."*

By: _Tony Quinn Bethune Trustee_    Date: _8-31-2025_

Tony Quinn Bethune Trustee

**Trustee for TQB Revocable Living Trust** and

**Tony Quinn Bethune Living Trust,**

**reserving all rights and remedies at law and in equity**

without prejudice, without recourse


State of Michigan )

** ) ss. **

County of _Wayne_ )

Subscribed and sworn to before me on this _31st_ day of _August_, 2025, by Tony Quinn Bethune, who appeared before me and affirmed the truth of the foregoing affidavit.

_Lakeisha Taneese Dickerson_
Notary Public, State of Michigan

Printed Name: _Lakeisha Taneese Dickerson_

My Commission Expires: _8 , 9 , 2027_

Acting in the County of: _Wayne_

La Keisha Taneese Dickerson
NOTARY PUBLIC - STATE OF MICHIGAN
County of Macomb
My Commission Expires    August 9, 2027
Acting in the County of _Wayne_

**Proposed Order**

**ORDER TO SHOW CAUSE**

IT IS ORDERED that the Prosecutor shall appear before this Court on [date/time] at [location] to SHOW CAUSE why this prosecution should not be dismissed for failure to establish a verified complaint, a judicial determination of probable cause, and compliance with applicable Michigan Court Rules and State and Federal constitutional due process requirements.

Failure to show sufficient cause may warrant dismissal of this matter with prejudice.

Date: _____

Judge: _____

**STATE OF MICHIGAN**

**IN THE 36TH JUDICIAL DISTRICT COURT**

STATE OF MICHIGAN

    Plaintiff

v.                                                      Case No. 2504491401

                                                        Hon. Kenyatta Jones Standford

BETHUNE/TONY/QUINN

    Defendant

## CERTIFICATE OF SERVICE

I, Tony Quinn Bethune, hereby certify that on this 31st day of August, 2025, I caused to be served upon Dawn Renee McCloud, d/b/a Prosecuting Attorney, and additionally transmitted a courtesy copy for oversight and notice purposes to Dana Nessel, d/b/a Attorney General of Michigan, by U.S. Registered Mail with tracking, the following documents:

- Motion and Affidavit to Show Cause for Lack of Jurisdiction, Probable Cause, and Due Process Violations, which expressly requests mandatory judicial notice under MRE 202 and Fed. R. Evid. 201
- Proposed Order to Show Cause; and
- Exhibit A – Register of Actions (as printed from the official 36th District Court website on August 18, 2025, at 1:23 PM).

Pursuant to MCR 2.107(C)(3) and FRCP 5(b)(2)(C), service by mail is deemed complete at the time of mailing. Served by registered mail to the following

- **Dawn Renee McCloud,** Assistant Prosecuting Attorney

  Wayne County Prosecutor's Office

  5301 Russell Street, Suite 200

  Detroit, MI 48211

  Registered Mail # RF 468 042 129 US

- **Dana Nessel, Attorney General**

  Michigan Department of Attorney General

  525 W. Ottawa Street

  P.O. Box 30212

  Lansing, MI 48909

  Registered Mail # RF 468 042 115 US

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Tony Quinn Bethune, Trustee*

Tony Quinn Bethune, Trustee

For TQB REVOCALBE LIVING AND TRUST

TONY QUINN BETHUNE LIVING TRUST

c/o 6016 Grayton St

Detroit Michigan [48224}

313.808.9652

Bethune.tony@gmail.com

Dated: August 31, 2025

**The 36th District Court Case Search will currently only display case information for cases occurred within the last seven years.**

# 36TH DISTRICT COURT

← **Return to Search Results**

## Register of Action

Return to Search

```
|STATE OF MICHIGAN     |                           | CASE NO:  2504491401 D01 SM |
|36TH JUDICIAL DISTRICT|  REGISTER OF ACTIONS      |                             |
|ORI820365J            |                           | STATUS: DISP                |
|PIN: 2503300215       |                           |                             |
```

                    JUDGE OF RECORD: JONES,KENYETTA STAN  P-66888
                         JUDGE: JONES,KENYETTA STAN  P-66888

STATE OF MICHIGAN v

                                         CTN: 822570711901
        BETHUNE/TONY/QUINN               TCN: DN25297260W
                                         SID: 4715341L
                             ENTRY DATE: 04/01/25
                            OFFENSE DATE: 03/30/25  300 PM
                             ARREST DATE:

                    VEHICLE TYPE:        VPN:
                                         CDL:
YEAR OF BIRTH: 1982  SEX: M  RACE: B
                                         PAPER PLATE:
VEH YR:        VEH MAKE:

```
DEFENSE ATTORNEY ADDRESS          BAR NO.
RAGAN,PHILIP A.,JR.               P-57156
440 BURROUGHS ST STE 618          Telephone No.
DETROIT       MI 48202            313-790-9776
```

```
OFFICER: DYAS REGINALD R          | DEPT: 0349047
PROSECUTOR: MCCLOUD,DAWN RENEE,    | BAR#: P-79229
                                  |
```

REF:  A C/M/F: M  750812              PACC#750.812

DOMESTIC VIOLENCE
ARRAIGNMENT DATE:  04/01/25    PLEA:    MUTE & NGBC    PLEA DATE: 04/01/25
FINDINGS:  COMPET EVAL    DISPOSITION DATE: 07/18/25

SENTENCING DATE:

| FINE | COST | ST.COST | CON | MISC. | REST | TOT FINE | TOT DUE |
|------|------|---------|-----|-------|------|----------|---------|
| 0.00 | 0.00 | 0.00    | 0.00 | 0.00 | 0.00 | 0.00     | 0.00    |

    JAIL SENTENCE:          PROBATION:

VEH IMMOB START DATE:          NUMBER OF DAYS:      VEH FORFEITURE:

---

BOND HISTORY:
    20,000.00   PERSONAL   BOND CONTINUED

---

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|

03/30/25
  A  ORIGINAL CHARGE          DOMESTIC VIO                         829
04/01/25
     FILING DATE              040125                               829
  A  AUTHORIZATION OF COMPLAINT DATE                               829
     PROS MOYNAHAN,TINA MARIE,                         P-84692     829
     COMPLAINT ISSUANCE DATE                                       829
     MAG  WHITE,DAWN M.,                               P-43945     829
     MISCELLANEOUS ACTION       ALL COUNTS                         533
     SCHEDULED FOR ARRAIGNMENT 040125  230P  KLEPAREK,JEFFREY DA P-68900  533
  A  PRETRIAL RELEASE ORDER GENERATED                             070
                               DOMESTIC VIO                        070
     ARRAIGNMENT HELD          ALL COUNTS                          070
     MAG  KLEPAREK,JEFFREY DAVID,                      P-68900     070
     STOOD MUTE AND PLEA OF NOT GUILTY ENTERED BY COURT            070
     SCHEDULED FOR PRE-TRIAL   041125  830A  GARRETT,AUSTIN WILL P-73372  070
     PERSONAL                                                      070

NAME: BETHUNE/TONY/QUINN          CASE NO: 2504491401   PAGE   2

---

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|

04/01/25
     BOND SET                            $20,000.00               070
     VIDEO RECORDING                                              070
     DEFENDANT REPRESENTED BY APPOINTED COUNSEL AT ARRAIGNMENT    070
     NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY              070
     DO NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON          070
     BOND CONDITIONS: NO ALCOHOL. NO DRUGS                       070
     NO CONTACT W/ADDRESS LISTED ON MITT                         070

```
                IN-PERSON HEARING SCHEDULED                                   070
   04/07/25
          NOTICE TO APPEAR GENERATED                                          094
                                  ALL COUNTS                                  094
          NOTICE TO APPEAR GENERATED                                          094
                                  ALL COUNTS                                  094

   04/11/25
          PRE-TRIAL HELD           ALL COUNTS                                 094
          JDG  GARRETT,AUSTIN WILLIAM,                      P-73372           094
          PROS KING,RYANE LAPEARL,                          P-87851           094
          COURT REPORTER: A. CONNERS CSMR/CSR #5119                           094
          VIDEO RECORDING                                                     094
          IN-PERSON HEARING HELD                                              094
          MISCELLANEOUS ACTION       ALL COUNTS                               094
          BOND CONTINUED                                                      094
          NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY                      094
          BOND CONDITIONS IN LEIN                                             094
          IN-PERSON HEARING SCHEDULED                                         094
          CW PRESENT - CW TO BE PRESENT VIA ZOOM                              094
          ZOOM MEETING ID 360-338-0000                                        094
          DEFENDANT TO APPEAR IN-PERSON AT THE                                094
          36TH DISTRICT COURT - COURTROOM 338                                 094
      A   SCHEDULED FOR FINAL PRE-TRIAL                                       094
                           050125  930A  GARRETT,AUSTIN WILL P-73372          094
          NOTICE TO APPEAR REQUESTED - ALL PARTIES                            094
                                  DOMESTIC VIO                                094
          MISCELLANEOUS ACTION       DOMESTIC VIO                             094
          SCHEDULED FOR JURY-TRIAL  052225 1000A  GARRETT,AUSTIN WILL P-73372 094
          NOTICE TO APPEAR REQUESTED - ALL PARTIES                            094
                                  DOMESTIC VIO                                094
          BOND CONTINUED                                                      094
          NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY                      094
          BOND CONDITIONS IN LEIN                                             094
          IN-PERSON HEARING SCHEDULED                                         094
          DO NOT ENTER ORDER CONTINUED                                        094
          ALL PARTIES TO APPEAR IN-PERSON AT THE                             094
          36TH DISTRICT COURT - COURTROOM 338                                 094
          JUDGE AUSTIN W GARRETT                                              094
          FILE HELD IN CHAMBERS                                               094
          NOTICE TO APPEAR GENERATED                                          094
                            DOMESTIC VIO                                      094
```

NAME: BETHUNE/TONY/QUINN      CASE NO: 2504491401    PAGE   3

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|

04/14/25
        NOTICE TO APPEAR GENERATED                                      094
    A  NOTICE TO APPEAR GENERATED                                       094
                            DOMESTIC VIO                                094
        NOTICE TO APPEAR GENERATED                                      094
                            DOMESTIC VIO                                094
        NOTICE TO APPEAR GENERATED                                      094
                            ALL COUNTS                                  094
04/22/25
        MOTION FILED, EXHIBIT FILED, FORWARD TO                         013
        JUDGE ON 4/22/25                                                013
04/24/25
        ORDER OF DISQUALIFICATION / REASSIGNMENT                        094
        SIGNED                                                          094
        ORDER SUBMITTED TO THE OFFICE OF THE CHIEF                      094
        JUDGE FOR REASSIGNMENT                                          094
04/30/25
        MISCELLANEOUS ACTION      ALL COUNTS                            538
        AFFIDAVIT OF PRINCIPAL STANDING FIDUCIARY                       538
        APPOINTMENT AND DEMAND FOR DISMISSAL WITH                       538
        REJUDICE FILED                                                  538
        ORDER OF REASSIGNMENT                                           104
        MISCELLANEOUS ACTION      ALL COUNTS                            104
        JUDGE OF RECORD/MAGISTRATE CHANGED                              104
          FROM:  73372 GARRETT,AUSTIN WILLIAM,                         104
            TO:  66888 JONES,KENYETTA STANFORD,                        104
05/01/25
        ORDER OF DISQUALIFICATION/REASSIGNMENT                          024
        RECEIVED                                                        024
    A  MISCELLANEOUS ACTION       DOMESTIC VIO                          024
        JDG  JONES,KENYETTA STANFORD,            P-66888               024
        SCHEDULED FOR PRE-TRIAL   051525  830A  JONES,KENYETTA STAN P-66888 024
        VIRTUAL NOTICE TO APPEAR REQUESTED - ALL PARTIES                024
                            DOMESTIC VIO                                024
        BOND CONTINUED                                                  024
        VIRTUAL HEARING SCHEDULED                                       024
        NOTICE TO APPEAR GENERATED                                      024
                            DOMESTIC VIO                                024
        DEFENDANT IS "PRO SE"                                           024
        PARTY NOTIFIED BY MAIL                                          024
        NOTICE TO APPEAR GENERATED                                      024

```
                              DOMESTIC VIO                              024
        NOTICE TO APPEAR GENERATED                                     024
                              DOMESTIC VIO                              024
        DO NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON             024
        NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY                 024
        BOND CONDITIONS IN LEIN                                        024
        NO ALCOHOL                                                     024
        NO DRUGS                                                       024
        NO CONTACT WITH ADDRESS OF OFFENSE                             024
        MISCELLANEOUS ACTION       ALL COUNTS                         094
        REMOVED FROM CALENDAR    052225 1000A  GARRETT,AUSTIN WILL P-73372  094
```

NAME: BETHUNE/TONY/QUINN          CASE NO: 2504491401    PAGE   4

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|

```
05/02/25
  A  NOTICE TO APPEAR GENERATED                                       024
                              DOMESTIC VIO                              024
05/09/25
        MISCELLANEOUS ACTION       ALL COUNTS                         519
        MISCELLANEOUS ACTION       ALL COUNTS                         519
        AFFIDAVITS...FILED                                            519
        EXHIBIT A...FILED                                             519
        CERTIFICATE OF SERVICE...FILED                                519
05/15/25
  A  PROCEEDING HELD           DOMESTIC VIO                            024
        JDG  JONES,KENYETTA STANFORD,               P-66888           024
        PROS SAFILIAN,CHARLES ,                     P-87165           024
        SCHEDULED FOR PRE-TRIAL   061825  830A  JONES,KENYETTA STAN P-66888  024
        NOTICE TO APPEAR REQUESTED - ALL PARTIES                      024
                              DOMESTIC VIO                              024
        BOND CONTINUED                                                024
        VIRTUAL HEARING HELD                                          024
        IN-PERSON HEARING SCHEDULED                                   024
        NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY                024
        COURT REPORTER: S. BACKSTROM CSR #5721                        024
        BOND CONDITIONS IN LEIN                                       024
        DEFENDANT  "PRO SE"                                           024
  A  NO ALCOHOL                                                       024
        NO DRUGS                                                      024
        NO CONTACT WITH ADDRESS OF OFFENSE                            024
05/16/25
```

```
    A  NOTICE TO APPEAR GENERATED                              024
                          DOMESTIC VIO                         024
05/21/25
       RECEIVED PEOPLE'S RESPONSE TO DEFENDANT'S               024
       MOTION TO DISMISS                                       024
06/13/25
       MISCELLANEOUS ACTION        ALL COUNTS                  519
       AFFIDAVIT...FILED                                       519
       EXHIBITS A B C...FILED                                  519
06/16/25
       RECEIVED CERTIFICATE OF TRUST                           024
       RECEIVED AFFIDAVIT OF TRUTH                             024
       RECEIVED COVER SHEET                                    024
       RECEIVED DOCUMENT MARKED AS EXHIBIT A                   024
       RECEIVED DOCUMENT MARKED AS EXHIBIT B                   024
06/17/25
    A  RECEIVED THROUGH REGISTERED MAIL                        024
       COVER SHEET                                             024
       DOCUMENT LABELED EXHIBIT A                              024
       DOCUMENT LABELED EXHIBIT A                              024
       DOCUMENT LABELED EXHIBIT B                              024
       DOCUMENT LABELED EXHIBIT B                              024
       AFFIDAVIT OF TRUTH                                      024
```

NAME: BETHUNE/TONY/QUINN          CASE NO: 2504491401    PAGE   5

---

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
| --- | --- | --- |

---

```
06/18/25
       PROCEEDING HELD           ALL COUNTS                    024
       JDG  JONES,KENYETTA STANFORD,          P-66888          024
       PROS MCCLOUD,DAWN RENEE,               P-79229          024
       ATT  RAGAN,PHILIP A.,JR.               P-57156          024
       SCHEDULED FOR PRE-TRIAL    071825  830A  JONES,KENYETTA STAN P-66888  024
       VIRTUAL NOTICE TO APPEAR REQUESTED - ALL PARTIES        024
                          ALL COUNTS                           024
       BOND CONTINUED                                          024
       VIRTUAL HEARING HELD                                    024
       IN-PERSON HEARING SCHEDULED                             024
       COURT REPORTER: S. BACKSTROM CSR #5721                  024
       MUST APPEAR IN PERSON                                   024
       NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY          024
       BOND CONDITIONS IN LEIN                                 024
```

```
         NO ALCOHOL                                              024
         NO DRUGS                                               024
         NO CONTACT WITH ADDRESS OF OFFENSE                     024
06/19/25
         NOTICE TO APPEAR GENERATED                             024
07/18/25
    A    PROCEEDING HELD           DOMESTIC VIO                 024
         JDG   JONES,KENYETTA STANFORD,          P-66888        024
         PROS MCCLOUD,DAWN RENEE,                P-79229        024
         SCHEDULED FOR COMPETENCY HEARING                       024
                           092225  900A  JONES,KENYETTA STAN P-66888  024
         NOTICE TO APPEAR REQUESTED - ALL PARTIES               024
                             DOMESTIC VIO                       024
         BOND CONTINUED                                         024
         IN-PERSON HEARING HELD                                 024
         IN-PERSON HEARING SCHEDULED                            024
         COURT REPORTER: S. BACKSTROM CSR #5721                 024
         DEFENDANT  "PRO SE"                                    024
         PROCEEDING HELD           DOMESTIC VIO                 024
         DEFENDANT REFERRED FOR COMPETENCY EVALUATION           024
         NO CONTACT WITH VICTIM, DIRECTLY OR INDIRECTLY         024
         BOND CONDITIONS IN LEIN                                024
         NO CONTACT WITH ADDRESS OF OFFENSE                     024
         NO ALCOHOL                                             024
         NO DRUGS                                               024
07/21/25
    A    NOTICE TO APPEAR GENERATED                             024
                             DOMESTIC VIO                       024
         ***** END OF REGISTER OF ACTIONS ***** 08/12/25 09:13
```

Return to Search

*EXHIBIT B*

| **36TH** **STATE OF MICHIGAN JUDICIAL DISTRICT** | **NOTICE TO APPEAR** | **Case No: 2504491401 SM**<br>X-REF:<br>**OFFENSE:** 1)DOMESTIC VIO |
|---|---|---|

Court Address 421 MADISON AVENUE
DETROIT, MI 48226

Court Telephone no.
(313) 965-2200

STATE OF MICHIGAN

Plaintiff ☐ Personal service
v

**YOU ARE DIRECTED TO APPEAR AT:**

☒ The court address above, courtroom _____
☐ _____

IN-PERSON HEARING SCHEDULED AT THE
36TH DISTRICT COURT - COURTROOM 338
Judge: AUSTIN WILLIAM GARRETT

BETHUNE/TONY/QUINN
5926 BUCKINGHAM ST.
DETROIT, MI 48224

Defendant ☐ Personal service

(313) 967-2876          P-087851
RYANE LAPEARL BROWN
5301 RUSSELL STREET
DETROIT, MI 48211

Plaintiff's attorney ☐ Personal service

Defendant's attorney ☐ Personal service

DYAS REGINALD R
Officer

If you require special accommodations to
use the court because of a disability or if
you require a foreign language interpreter
to help you fully participate in court
proceedings, please contact the court
immediately to make arrangements.
Date issued: APRIL 11, 2025

**FOR THE FOLLOWING PURPOSE:**

|  | DAY | DATE | TIME |
|---|---|---|---|
| ☐ Probable Cause Conf. |  |  |  |
| ☐ Preliminary Exam |  |  |  |
| ☐ Pre-trial Conf. |  |  |  |
| ☐ Jury Selection |  |  |  |
| ☒ Jury Trial | THURSDAY | 05/22/25 | 10:00 AM |
| ☐ Nonjury Trial |  |  |  |
| ☐ Sentencing |  |  |  |
| ☐ Motion |  |  |  |
| ☐ Arraignment |  |  |  |
| ☐ Informal Hearing |  |  |  |
| ☐ Formal Hearing |  |  |  |
| ☒ FINAL PRETRL | THURSDAY | 05/01/25 | 9:30 AM |

☐ The above matter is adjourned from _____
Date

Clerk of the Court

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by authority of the judge for good cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause a default judgment to be entered. FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.

4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.
5. If you intend to employ a lawyer, he or she should be notified of the date at once.
6. Fines, costs, and other financial obligations imposed by the court must be paid at the time of assessment, except when the court allows otherwise, for good cause shown.

Approved, SCAO
Form MC 06, Rev. 6/19

Distribute form to:
Court
Plaintiff/Attorney
Defendant
Extra

2025707119/8225707119-01 WA

| STATE OF MICHIGAN<br>36TH DISTRICT COURT<br>3RD JUDICIAL CIRCUIT | AMENDED<br>WARRANT<br>MISDEMEANOR | CASE NO.: 8225707119-01<br>DISTRICT:<br>CIRCUIT: |
|---|---|---|

| District Court ORI: MI- MI820365J<br>421 MADISON, DETROIT, MI 48226 (313) 965-2400 | Circuit Court ORI: MI- MI821095J<br>5301 RUSSELL ST., Ste 700, DETROIT, MI 48211 313-224-2520 |
|---|---|

**THE PEOPLE OF THE STATE OF MICHIGAN**

v

**TONY QUINN BETHUNE (07/21/1982) 8225707119-01**
**KORMESHAY LITAE-DEYANA WILLIAMS (11/02/1993) 8225707119-02**

Complaining Witness
**Detective Reginald Dyas**

Victim or complainant
**Lashawn White**

| Location<br>**5926 Buckingham St., Detroit, MI, 48224** | | | Date: On or about<br>**03/30/2025** |
|---|---|---|---|
| County in Michigan<br>**Wayne** | Defendant TCN<br>**dn25297260w** | Defendant SID<br>**4715341L** | Defendant DOB:<br>**Put DOB in Ref. No. row 1 on MC 97** |
| Police agency report no.<br>**82DPD/2503300215** | Charge<br>**See below** | | Maximum penalty<br>**See below** |
| ☐ A sample for chemical testing for DNA identification profiling is on file with the Michigan State Police from a previous case. | DLN Type: | Defendant DLN<br>**Put DLN in Ref. No. row 3 on MC 97** | |

**STATE OF MICHIGAN, COUNTY OF WAYNE**

The complaining witness has filed a sworn complaint in this court stating that on the date and the location described, the defendant, contrary to law,

**COUNT 1: DOMESTIC VIOLENCE [01]**
did make an assault or an assault and battery upon Lashawn White, an individual with whom he/she had a child in common; contrary to MCL 750.81(2). [750.812]
MISDEMEANOR: 93 Days and/or $500.00. A consecutive sentence may be imposed under MCL 750.506a if the assault was committed in a place of confinement.

**COUNT 2: ASSAULT OR ASSAULT AND BATTERY [02]**
did make an assault, or an assault and battery upon the following person: Lashawn White; contrary to MCL 750.81(1). [750.81]
MISDEMEANOR:93 Days and/or $500.00. A consecutive sentence may be imposed under MCL 750.506a if the assault was committed in a place of confinement.

Upon examination of the complaint, I find probable cause to believe defendant committed the offense set forth.
**THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN,**
☐ a. I order you to arrest and bring defendant before the _____ District Court immediately.
☐ b. I order you to bring defendant before the _____ District Court.
☐ c. The defendant may be released when interim cash bail is posted in the amount of $ _____ for personal appearance
before the court.

_____
**Judge/Magistrate signature and date**

By virtue of this warrant the defendant has been taken into custody as ordered.

_____
Date

_____
Peace Officer

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tony Quinn Bethune

**DEFENDANTS**
Dana Nessel, Austin W. Garrett
Kenyetta Stanford Jones

**(b)** County of Residence of First Listed Plaintiff  Wayne County
*(EXCEPT IN U.S. PLAINTIFF CASES)*
2/6/25

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Case: 2:25-cv-12880
Judge: Grey, Jonathan J.C.
MJ: Ivy, Curtis
Filed: 09-11-2025 At 09:38 AM
CMP BETHUNE V NESSEL, ET AL (LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(box for Plaintiff and Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | | | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983
Brief description of cause:
Violation of Plaintiff's secured rights under the Second, Forth, Sixth, Eighth and Fourteenth Amendments

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Kenyetta Stanford Jones
DOCKET NUMBER 25 0449 1401

DATE 9/11/25
SIGNATURE OF ATTORNEY OF RECORD  Tony Quinn Bethune

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.         Other than stated above, are there any pending or previously       ☑ Yes
           discontinued or dismissed companion cases in this or any other      ☐ No
           court, including state court? (Companion cases are matters in which
           it appears substantially similar evidence will be offered or the same
           or related parties are present and the cases arise out of the same
           transaction or occurrence.)

   If yes, give the following information:

   Court:  _36th District Court_____

   Case No.: _250449401_____

   Judge: _Kenyetta Stanford Jones_____

   Notes :